IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,336






EX PARTE SHAWN K. ODNEAL, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 80494 FROM THE CRIMINAL DISTRICT COURT OF
JEFFERSON COUNTY




 Per curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty to the felony
offense of aggravated sexual assault of a child, and punishment was assessed at life
imprisonment. Applicant received an out-of-time appeal from this Court, but the court of
appeals dismissed his appeal for lack of jurisdcition. Odneal v. State, No. 09-04-097-CR
(Tex. App. -- Beaumont, delivered March 23, 2005, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review, pro se. The trial
court recommended that relief be denied, because Applicant's appeal failed to invoke the
jurisdiction of the court of appeals. However, a petition for discretionary review is the
appropriate avenue to challenge the dismissal of a direct appeal. The record reflects that
counsel did not timely inform Applicant that his conviction had been affirmed or that he
could file a petition for discretionary review from his conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 80494 from
the Criminal District Court of Jefferson County. Applicant is ordered returned to the point
at which he can file a petition for discretionary review. For purposes of the Texas Rules of
Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision
had been rendered on the day the mandate of this Court issues. We hold that should
Applicant desire to seek discretionary review, he must take affirmative steps to see that his
petition is filed in the Court of Appeals within thirty days of the date the mandate of this
Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: FEBRUARY 8, 2005

DO NOT PUBLISH